UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alvin Perkins, | Case No. 24-cv-1909 (JMB/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Linda Stenseth, | |
| Respondent. | |

On July 1, 2024, this Court issued an order requiring Petitioner Alvin Perkins to submit a filing showing cause why the Court should not recommend dismissing his § 2254 petition for failing to comply with the relevant limitations period and/or Mr. Perkins's failing to exhaust relevant state-court remedies. (*See* Dkt. No. 7 at 7–8.) The Order gave Mr. Perkins until July 29, 2024, to submit this filing, failing which the Court would recommend dismissing this action without prejudice for failure to prosecute. (*See id.* at 8.) Mr. Perkins has not submitted the ordered filing. (*See* Docket.) Accordingly, this Court now recommends dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Furthermore, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1);

Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s]"—as here—"a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no question that Mr. Perkins was ordered to address threshold problems in his § 2254 petition and failed to do so. The Court therefore recommends not granting Mr. Perkins a COA.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

2. Petitioner Alvin Perkins not be granted a certificate of appealability.

Dated: August 6, 2024

    *s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).